## Case No. 12,471.

### In re SCHNEPF.

[2 Ben. 72; Bankr. Reg. Supp. 41; 1 N. B. R. 190; 7 Am. Law Reg. (N. S.) 204; 6 Int. Rev. Rec. 214; 1 Am. Law T. Rep. Bankr. 46.] [1]

District Court, E. D. New York.　Dec., 1867.

BANKRUPTCY—JUDGMENT OF STATE COURT—FRAUD —LIEN—POWER OF THE COURT.

1. Where a suit was commenced in a state court against the bankrupt, and the judgment was entered and execution issued, and a levy made by the sheriff before the petition in bankruptcy was filed, *held*, that on the facts the judgment was not fraudulent.

2. Therefore the judgment creditors, by their levy, acquired a security for their debt in the property, which is not invalidated by the bankruptcy act.

[Cited in Re Dey, Case No. 3,870.]
[Cited in McCabe v. Goodwine. 65 Ind. 295.]

3. As it appeared that the property levied on would bring more money if sold by the assignee in bankruptcy at private sale than if sold by the sheriff under the execution, and as no objection was made by the creditors to the taking of such a course, the assignee must take the property and sell it, with leave to the judgment creditors to apply for an order directing payment of their judgment out of the proceeds.

[Cited in Sutherland v. Lake Superior Ship Canal. Railroad & Iron Co., Case No. 13,-643; Re Ulrich, Id. 14,328; Re Hufnagel, Id. 6,837.]

4. Whether the court has power to direct an assignee to take property out of the hands of a sheriff who holds it under such a levy, except by consent, quere.

[Cited in Re Carow, Case No. 2,426; Re Mallory, Id. 8,991; Re Brinkman, Id. 1,884; Thames v. Miller, Id. 13,860.]

This was an application to set aside an injunction heretofore granted. The bankrupt [Francis Schnepf] filed his papers on the 9th of October, 1867, and was declared a bankrupt, and procured an injunction prohibiting creditors named Cammeyer & Mason from enforcing a levy, which the sheriff had made upon Schnepf's property under a judgment against him which they had obtained in a state court. They now moved to set aside that injunction. The affidavits on behalf of the bankrupt showed that he had prepared his papers to take the benefit of the act in September, 1867; that the summons in the suit of Cammeyer & Mason was served on him on September 17th; that after that service he sent to them showing them the state of his affairs, and offering them a compromise of their debt at forty cents on the dollar, telling them that he should go into bankruptcy if they did not take it; that on the 8th of

October he sent again to them, and they requested till the next day to consider it, and gave him to understand that they would not proceed in their suit in the mean time; but on that afternoon they entered judgment against him by default, and issued execution, on which the sheriff made the levy that night, and Schnepf filed his petition in bankruptcy the next morning.

Mr. Daly, for motion.

Knowlton & Baker, contra.

BENEDICT, District Judge.　This is a motion in behalf of judgment creditors of a bankrupt to dissolve an injunction heretofore issued by this court, restraining them from proceeding to sell under an execution certain personal property, levied upon prior to the filing of the petition in bankruptcy. The motion is opposed by the bankrupt, on the ground that the judgment under which the judgment creditors seek to proceed, was obtained in fraud of the bankruptcy act, and by the assignee in bankruptcy, on the ground that the title of the property in question is vested in him as an officer of the court, and no person can be permitted to dispose of or interfere with it, except under the order of the bankrupt court, to which the property has been transferred by operation of law.　The facts attending the judgment are so fully spread out in the papers before me, and are so simple in their character, that I can without injustice dispose of the question as to the validity of the judgment on the affidavits alone.　Upon that question I should gladly hold in favor of the bankrupt if I could do so, as I by no means approve of the manner in which the judgment was obtained; but I do not see how the judgment can be held fraudulent upon the facts.　It was obtained in the regular course of judicial proceedings, instituted adversely to the debtor and without collusion.　It was entered for an amount admitted to be justly due, and the entry was made as it was, not with the assent of the debtor, but in spite of him.　It is in law a valid judgment obtained without fraud or collusion, and can in no proper sense be said to have been procured by the bankrupt with a view to give a preference.　This being so, the judgment creditors, by their levy made prior to the filing of the bankrupt's petition, acquired a security for their debt in the property levied on.

The next question arising is whether such a security is invalidated by the provisions of the bankruptcy act, and upon this question I have heretofore had occasion to express an opinion which I see no reason to modify.　It seems to me that such a security is preserved and entitled to be protected, upon general principles of law, and that the general scope of the bankruptcy act indicates that such was the intention of the framers of the act.　Parker v. Muggridge [Case No. 10,743].

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.　1 Am. Law T. Rep. Bankr. 46, contains only a partial report.]

The remaining question, then, is as to the manner in which this right of the judgment creditors shall be protected. Two methods are open, by either of which the debt will be secured. One is to allow the creditors to proceed to sell the property at sheriff's sale, in which case, as the affidavits show, there will be little or no surplus for the other creditors. The other is to direct the assignee in bankruptcy to take possession of and sell the property at private sale, in which case, as also appears by the affidavits, a sum can be realized not only sufficient to pay the judgment, but to leave a considerable sum for the other creditors. As between these two methods upon such a state of facts, it cannot be doubted that it is the duty of the bankrupt court, charged as it is with the interests of all the creditors, to prevent the sacrifice of his property by a sheriff's sale, and direct a sale by the assignee, provided the power to do so has been conferred by the act. A discussion of the question of the power of the court in the premises is rendered unnecessary in this case, inasmuch as the power is conceded to exist by the judgment creditors, and no objection is made to a disposal of the property by the assignee instead of the sheriff. I postpone, therefore, the discussion of that point until a case shall arise where it is raised, with the remark that such a power seems necessary to a proper administration of the bankrupt law, and that it would seem to be fairly included in the power conferred by the act to collect all the assets of the bankrupt, to ascertain and liquidate all liens or other specific claims thereon, to adjust priorities and marshal and dispose of the different funds and assets so as to secure the rights of all persons and the due distribution of the assets among all the creditors. The motion to dissolve the injunction will therefore be denied, and an order entered directing the assignee to take possession of the property levied upon and sell the same, without delay, and to the best advantage, with liberty to the judgment creditors, immediately upon such sale, to apply for an order directing the payment of their judgment out of the proceeds of such sale.